316

## UNITED STATES ex rel. HARTLEY v. MALANAPHY.

### No. M 1216.

United States District Court
E. D. New York.
July 15, 1948.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for respondent.

Doyle & O'Neil, of White Plains, N. Y. (John J. O'Neil, of White Plains, N. Y., of counsel), for relator.

RAYFIEL, District Judge.

The relator at the time he sued out this writ of habeas corpus, was in the custody of the respondent, awaiting sentence after a conviction by a general court martial convened by order of the Commandant of the Third Naval District, at the United States Naval Receiving Station, Brooklyn, New York. In his petition in support of said writ, relator alleges that said court martial lacked jurisdiction of the charge and specification upon which he was found guilty for the reason that the order for trial dated January 20, 1947, upon which it based its authority, was invalid in law in that it was issued to a non-existent general court martial in violation of section 345 of Naval Courts and Boards, 1937 Ed., which regulates and prescribes the practice and procedure of courts martial.

The respondent's return to relator's petition and the evidence adduced on the hearing had herein disclosed the following facts: Relator enlisted in the United States Naval Reserve on September 3, 1942. He deserted from the service, in time of war, on February 20, 1945, while stationed at the United States Naval Receiving Station, New York, New York. He was apprehended by an agent of the Federal Bureau of Investigation at Staten Island, New York, on September 17, 1947, and thereupon turned over to the custody of respondent. On January 20, 1947, within two years of such desertion, and while relator was still in the status of a deserter, the Acting Secretary of the Navy issued a blanket order directing that relator, among others, be tried before a general court martial, convened at the Naval Receiving Station (Potomac River

Naval Command), Washington, D. C., upon a charge and specification concurrently made and executed by the Acting Judge Advocate of the Navy, separately referring to relator, alleging desertion from the United States Navy in time of war. On October 20, 1947, pursuant to and upon the authority of said order for trial dated January 20, 1947, as modified by the Acting Secretary of the Navy on October 15, 1947, the Acting Commandant of the Third Naval District issued an order to the Judge Advocate, general court martial, at Brooklyn, New York, to bring relator to trial upon said charge and specification. On January 13, 1948, relator was arraigned, tried and convicted for the offense of desertion in time of war; and thereafter was sentenced to be confined for a period of five years and to be dishonorably discharged from the Naval Service. Relator's case is now before the Convening Authority awaiting action thereon.

Relator contends (and the record shows that he urged such contention at the court martial) that respondent's failure to prove a precept showing the existence and constitution of a general court martial of the Naval Receiving Station (Potomac River Naval Command), Washington, D. C. on January 20, 1947, to which court the original order for trial was directed, is fatal to the respondent's case and renders the court martial and trial had herein void for want of jurisdiction. Such failure of proof, relator argues, is fatal for several reasons. First, because it violates section 345 of the Naval Courts and Boards, 1937 Ed., which requires the issuance of a precept convening the general court martial to which the order for trial is directed. Hence, relator reasons, the absence of proof of such precept, indicates the non-existence of the general court martial to which it is directed, and, therefore, in naval law renders the order for trial void. And, a fortiori, a trial by any other court martial founded upon such order for trial must likewise be void.

Relator in support of his contention cites the case of McClaughry v. Deming, 1902, 186 U.S. 49, 62, 22 S.Ct. 786, 46 L.Ed. 1049, for the proposition that a court martial is a statutory court of limited jurisdiction and must be convened and constituted in strict conformity with the provisions of the statute.

In my opinion, the provisions contained in the publication designated as Naval Courts and Boards, 1937 ed., are procedural only. Consequently, any attack directed to jurisdiction based thereon is collateral and may be properly answered with proof. At the hearing herein the respondent offered and the Court received evidence showing that the Potomac River Naval Command on January 20, 1947, had in existence, and functioning, a general court martial previously convened by a precept dated November 25, 1946, duly issued by the Commandant of the Potomac River Naval Command.

It was not prejudicial to relator's rights to permit the respondent to show that the Potomac River Naval Command was properly convened, constituted and in existence at the time when the order for trial was issued herein on January 20, 1947. The respondent's failure to supply this proof at the court martial which tried relator was an irregularity which could be corrected upon the hearing herein. It would probably have been done at the court martial if the Judge Advocate had not relied, as he stated, on the presumption of regularity. In any event, such objection of the relator has now been met with proof.

A second point urged by relator is that such failure of proof deprived him of the right and opportunity of attacking the constitution of the general court martial of the Potomac River Naval Command. However, I am not impressed by this objection. The order for trial on January 20, 1947, was issued at a time when the relator was a deserter, whose whereabouts was unknown to the Naval Authorities. The order was issued by the Acting Secretary of the Navy to the nearest Naval Command merely for the purpose of preventing the tolling of the statute of limitations. The actual place of trial could not be determined until relator was apprehended.

In any event, relator was not tried by said court martial of the Potomac River Naval Command. He was tried by a court martial of the Third Naval District and

he had an opportunity to object to the trial and to the constitution of the court martial. Adopting the rules of practice in Civil Courts, his failure to insist upon a trial at the Potomac River Naval Command, and his failure to object to the trial and to the constitution of the court martial of the Third Naval District where he was tried may be deemed in law as a waiver thereof.

Sustaining relator's contention would lead to absurd results. For example, if the constitution of the court martial to which an order for trial is directed should change, or cease to exist because of a change in naval personnel or otherwise, the charges against all persons similarly situated as the relator would have to be dismissed because of the tolling of the statute of limitations. ■ The practice of modifying the order for trial so as to meet the situation existing at the time of relator's apprehension is reasonable and sensible. The power to issue such an order for trial certainly carries with it the power to modify the same.

In my opinion, relator had a fair trial. He was represented by able and competent counsel, and the court martial which tried him was properly convened and constituted. Such irregularity which may have occurred was corrected, and did not affect the court's jurisdiction of relator, or the charge and specification upon which he was tried.

The writ is dismissed and the relator remanded to custody.