## Ex parte WILLIAMS.
### No. H.C. 323.

United States District Court
D. Hawaii.

June 10, 1949.

Hyman M. Greenstein, Honolulu, T. H., for petitioner.

Ray J. O'Brien United States Attorney, District of Hawaii, Howard K. Hoddick Assistant United States Attorney, District of Hawaii, Honolulu, T. H., for respondent.

McLAUGHLIN, Judge.

On June 23, 1947, to toll the statute of limitations, Art. 61 of Articles for the Government of the Navy, 34 U.S.C.A. § 1200 Art. 61, the Secretary of the Navy ordered Louie "B" Williams, seaman first class, U. S. N. R., to stand trial before a court martial convened pursuant to the authority of the Commandant of the Potomac River Naval Command—a continuous court-martial—upon a charge and specification alleging his desertion from the Navy at Pearl Harbor on July 15, 1945.

When on August 14, 1948, Williams was discovered to have been at Pearl Harbor all of the time and to have not only lived upon the naval reservation but to have also played baseball extensively upon the Navy team under the name of Ray Williams or Raymond L. Williams, the Secretary of the Navy by a directive dated September 14, 1948, ordered the Commandant of the Fourteenth Naval District to try Williams before a court martial convened by him upon the charge and specification "heretofore preferred against him by order of the Secretary of the Navy." To this end the Secretary also modified the order for trial previously given June 23, 1947, to the Potomac River Naval Command.

On April 4, 1949, Admiral McMorris by an order directed to the Judge Advocate of his command and with specific reference to his instructions from the Secretary of the Navy ordered Williams tried upon said charge before a court martial previously convened by his authority.

When Williams was placed under arrest for trial, he was served with a copy of Admiral McMorris's April 4, 1949, order. Thereafter and before trial Williams was also given a copy of the Secretary's 1947 order for trial and of the Secretary's 1948 directive to Admiral McMorris—the document referred to by symbols in the April 4, 1949, order by Admiral McMorris.

Upon the trial the Judge Advocate read to the court, in the presence of Williams and his counsel, all of the above indicated orders, and to that of April 4, 1949, asked Williams how he plead. Williams plead not guilty, but at the conclusion of the trial was found guilty. When this petition was heard, the conviction had not been passed upon by the convening authority, but by special permission it was revealed that the court martial had found Williams guilty of the lesser offense of "unauthorized absence."

Williams alleges (1) that the court martial had no jurisdiction to try him upon the charge, for the Order for Trial was obviously not made within two years from July 15, 1945, Art. 61 supra, and (2) that his constitutional rights were infringed in that (a) the trial was a sham and his guilt predetermined, (b) the court martial failed to

accept his plea in bar based upon Art. 61, (c) he was denied a speedy trial in that for three years nine months the Navy should have known he was at Pearl Harbor, (d) that the Navy made no pre-trial investigation of his case, and (e) that he was not charged and tried in good faith since he had at all times been at Pearl Harbor.

Both counsel agreeing that the basic question of jurisdiction of the court martial should be first determined, this ruling covers point (1) only and the issue to be decided is: Was Williams tried for an offense which appears to have been committed more than two years before the issuing of the order for such trial (Art. 61)? There is no contention made by the respondent that the facts invoke any of the exceptions contained in Art. 61.

Doubt has been expressed by both counsel for the respondent and the Court, in light of Art. 53, as to whether or not the petition is premature because the sentence has not yet been confirmed. Upon the grounds alleged other than that alleging lack of jurisdiction by the court martial, the petition is premature. But upon the point of jurisdiction, if the proceeding be a nullity by reason of a lack of jurisdiction there is nothing for the Admiral to confirm or otherwise act upon. So, upon the theory that the question of jurisdiction is one which is open for consideration at any stage of a proceeding, it will be here considered.

 It must first be decided whether Art. 61 is a limitation upon the power of the court martial or is a matter in bar which the defendant can elect to use defensively or not as he sees fit. In my opinion—and both counsel agree—Art. 61 is a jurisdictional provision rendering the statutory court powerless to proceed if it appears from the Order for Trial that the offense was allegedly committed more than two years prior thereto.

What appears here? Petitioner says that it could only have appeared to the court martial that from Admiral McMorris's April 4, 1949, order the offense obviously occurred more than two years prior thereto and therefore the writ should issue.

I do not agree. What appeared to the court martial, as well as to Williams, was that upon the identical charge and specification the original Order for Trial, which tolled the limitation, was June 23, 1947, and obviously well within two years of the alleged offense of July 15, 1945. It also affirmatively appeared to both the court martial and Williams that the basic Order for Trial was amended September 14, 1948. This was proper and in the nature of a change of venue for the convenience of both the prosecution and the defense. See United States v. Malanaphy, D.C.E.D.N.Y. 1948, 81 F.Supp. 316, at page 318. And finally it was obvious from the record to all concerned that Williams was being brought to trial before an authorized court martial upon the very charge and specification preferred against him in 1947 at the direction of the Secretary of the Navy.

█ Accordingly it is held that the court martial which tried Williams upon this charge and specification had jurisdiction.

As to the other numerous grounds of the petition, the action of the court martial having not as of the date of the petition nor of the hearing been confirmed or otherwise acted upon by the convening authority as required by Art. 53, consideration of them would be premature. Therefore, argument upon these points is both unnecessary and out of order at this time. Therefore the petition as a whole stands dismissed.